IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CALVIN FRAZIER, # 177281, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv857-MHT |
| | ) | (WO) |
| CYNTHIA STEWART, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

James Calvin Frazier ("Frazier"), an Alabama prisoner, purports to file this petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241.  *See* Doc. No. 1 at 1.  In his habeas petition, Frazier challenges the 20-year sentence entered against him in December 2002 by the Chilton County Circuit Court after he pled guilty to manslaughter.  He argues that the trial court improperly sentenced him under Alabama's Habitual Felony Offender Act.  For the reasons that follow, Frazier's petition should be denied under 28 U.S.C. § 2244(b)(3) and dismissed as a successive § 2254 petition filed without the required appellate court authorization.

**II.   DISCUSSION**

Frazier challenge his state sentence, and he is in custody under the judgment of an Alabama court.  Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed under 28 U.S.C. § 2241.  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir.

2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this court must apply the procedural restrictions applicable to § 2254 petitions to Frazier's petition.

This court's records reveal that in December 2009, Frazier filed a previous habeas petition under 28 U.S.C. § 2254 challenging the manslaughter conviction and 20-year sentence entered against him in 2002 by the Chilton County Circuit Court. *See Frazier v. Giles, et al.*, Civil Action No. 2:09cv1167-TMH (M.D. Ala. 2012), Doc. No. 1. The court denied that petition with prejudice because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d) and dismissed the case with prejudice. *Id.*, Doc. Nos. 20, 22, and 23.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C.

---

[1] Section 2244(b)(1) provides:

(continued...)

§ 2244(b)(3)(B) & (C).

The dismissal of a § 2254 petition for untimeliness under 28 U.S.C. § 2244(d) qualifies as an adjudication on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of 28 U.S.C. § 2244(b)(1)-(3). *See Murray v. Greiner*, 394 F.3d 78. 79 (2nd Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

Frazier has not received an order from a three-judge panel of the Eleventh Circuit

---

[1](...continued)
A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Court of Appeals authorizing this court to consider his successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Frazier] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Frazier be DENIED.

2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3), because Frazier has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

The parties may file any objections to this Recommendation on or before December 2, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to

4

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989)..

DONE, this 18th day of November, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE